UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EUGENE SCALLY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>N. ARSUANT,<br><br>　　　　Defendant. | **Case No. 1:16-cv-01237-MJS**<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT "BERRY" SHOULD NOT BE DISMISSED FROM ACTION**<br><br>**FOURTEEN DAY DEADLINE** |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's First Amendment religious exercise and Fourteenth Amendment Equal Protection claims against Defendants Sergeants Arsaunt and Berry of California State Prison ("CSP") in Corcoran, California.

As the first attempt at service on Defendant Berry was returned unexecuted (ECF No. 18), the Court directed the United States Marshal ("USM") to contact the Litigation Coordinator at CSP to request his or her assistance in locating Defendant Berry. (ECF No. 19.) On May 15, 2017, the summons was again returned unexecuted; in the remarks section of the USM-285, the Marshal wrote "Per the Litigation Coordinator, CSP

Corcoran has never employed a Sgt. Berry. This was confirmed by personnel. They also checked all logs Nov. 2015. They will not accept service." (ECF No. 20.) Thus, on May 16, 2017, Plaintiff was directed to provide, within thirty days, further information to help the USM locate and serve Defendant Berry. (ECF No. 22.) The thirty days have elapsed and Plaintiff has provided no further information.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshals for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), overruled on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." Walker, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

At this time, the Marshals Service has exhausted the avenues available to it to locate and serve Defendant Berry. See Walker, 14 F.3d at 1421-22. Accordingly, Plaintiff shall be required to show cause why Defendant Berry should not be dismissed based on inability to effect service on them. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order or responds but fails to show cause, the Court will dismiss Defendant Berry from the action.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **fourteen (14) days** from the date of service of this order, Plaintiff shall show cause why Defendant Berry should not be dismissed from this action; and
2. If Plaintiff fails to respond to this order or fails to show cause, the Court will dismiss Defendant Berry from this action.

IT IS SO ORDERED.

Dated: June 27, 2017      /s/ *Michael J. Seng*
                          UNITED STATES MAGISTRATE JUDGE