UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY EUGENE SCALLY,<br><br>    Plaintiff,<br><br>v.<br><br>N. ARSUANT,<br><br>    Defendant. | **Case No. 1:16-cv-01237-MJS**<br><br>**ORDER TO PLAINTIFF TO SHOW CAUSE WHY FOURTH AMENDED COMPLAINT SHOULD NOT BE STRICKEN**<br><br>**(ECF No. 31)**<br><br>**FOURTEEN DAY DEADLINE** |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On February 13, 2017, Plaintiff submitted his Third Amended Complaint ("TAC"). (ECF No. 14.) On March 22, 2017, the Court screened the TAC, found that it stated cognizable claims against Defendants Arsuant and Berry, and authorized service on Defendants. (ECF No. 15.) On June 15, 2017, Defendant Arsuant filed an answer to the TAC. (ECF No. 23.) On June 26, 2017, the Court issued a discovery and scheduling order. (ECF No. 25.) On August 2, 2017, the Court dismissed Defendant Berry from this action after several unsuccessful attempts to serve him. (ECF No. 29.)

On August 28, 2017, without first seeking leave of the Court, Plaintiff submitted a Fourth Amended Complaint, which he titled "First Amended Civil Right Violation." (ECF No. 31.) In the Fourth Amended Complaint, Plaintiff adds an additional three Defendants to the action -- Dave Davey, Sergeant John Doe #1, and Sergeant John Doe #2 -- changes the legal bases of his claims, and adds two new claims against Defendants. (Id.) On September 7, 2017, Defendant Arsuant moved to strike the Fourth Amended Complaint as unauthorized.. (ECF No. 33.) Plaintiff did not file a response to the motion and the time to do so has passed. Defendant Arsuant filed a "reply" urging this Court to grant its unopposed motion to strike the Fourth Amended Complaint. (ECF No. 34.)

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave. "Leave to amend is generally within the discretion of the district court." Swanson v. U.S. Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996) (citation omitted). However, there is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." Bonin v. Calderon, 59 F.3d 915, 945 (9th Cir. 1995).

Under the Local Rules of Practice for the United States District Court for the Eastern District of California, opposition, if any, to the granting of a motion "shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date." Local Rule 230(c). Failure of a party to comply with the Local Rules or any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, Plaintiff has failed to comply with Local Rule 230. However, given Plaintiff's

pro se status and in the interests of justice, the court will provide him with an opportunity to show good cause for his failure to respond to Defendant's motion and to show why his Fourth Amended Complaint should not be stricken.

IT IS HEREBY ORDERED that:

1. Plaintiff shall show good cause in writing, no later than **fourteen (14) days** from the date of service of this Order, for failing to respond to Defendant's motion and shall show why sanctions should not be imposed on him for failing to file timely opposition or non-opposition to the pending motion to strike.

2. Any response to this Order must be filed with the Court; the response must be accompanied by opposition or a statement of non-opposition to Defendant's motion to strike the Fourth Amended Complaint.

3. If Plaintiff files opposition to Defendant's motion within **fourteen (14) days** of the date of service of this Order, then Defendant's reply, if any, shall be filed within **seven (7) days** of the date of service of the opposition; and

4. Plaintiff is cautioned that failure to file and serve a written response to this Order, along with opposition or a statement of non-opposition to Defendant's motion, will be deemed a statement of non-opposition to the granting of Defendant's motion to strike the Fourth Amended Complaint.

IT IS SO ORDERED.

Dated:  October 10, 2017                /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE

3