UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| TONY EUGENE SCALLY, | Case No. 1:16-cv-01237-AWI-MJS |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION TO STRIKE FOURTH AMENDED COMPLAINT;** |
| v. | |
| N. ARSENAULT, | **(ECF No. 33)** |
| Defendant. | **FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT DAVEY IN** |
| | **(ECF No. 31)** |
| | **FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFF THIRTY DAYS TO IDENTIFY DOE DEFENDANTS** |
| | **FOURTEEN DAY DEADLINE** |

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On February 13, 2017, Plaintiff submitted his Third Amended Complaint ("TAC"). (ECF No. 14.) On March 22, 2017, the Court screened the TAC, found that it stated cognizable claims against Defendants Arsenault[1] and Berry, and authorized service on Defendants. (ECF No. 15.) On June 15, 2017,

---

[1] In the first through third versions of the complaint -- and in the Court's subsequent Orders in this case -- Defendant is incorrectly named as "Arsuant" rather than Arsenault. In response to the Order to Show Cause, Plaintiff notes that he initially identified Defendant Arsenault incorrectly and wishes for the record, including the docket, to reflect the correct spelling going forward. (ECF No. 36 at 3.) In all of his own filings in this case, Defendant spells his last name as Arsenault as well. (See ECF Nos. 33; 38; 39.) In light of this, the Court will hereafter refer to Defendant as Arsenault and direct the Clerk to correct the spelling in the docket for this case.

Defendant Arsenault filed an answer to the TAC. (ECF No. 23.) On June 26, 2017, the Court issued a discovery and scheduling order. (ECF No. 25.)

On August 2, 2017, the Court dismissed Defendant Berry from this action without prejudice after several unsuccessful attempts to serve him. (ECF No. 29.) According to the United States Marshal who contacted the litigation coordinator and personnel office at Corcoran State Prison, the prison never employed a Sergeant Berry and thus would not accept service. (ECF No. 20.)

On August 28, 2017, Plaintiff submitted a Fourth Amended Complaint, which he incorrectly titled "First Amended Civil Right Violation." (ECF No. 31.) In the Fourth Amended Complaint, Plaintiff excludes Sergeant Berry, but adds an additional three Defendants to the action -- Warden Dave Davey, Sergeant John Doe #1, and Sergeant John Doe #2. (Id.) It appears that Sergeant John Doe #1 and Sergeant John Doe #2 are in the place of Defendant Sergeant Berry from the TAC.

Furthermore, Plaintiff's Fourth Amended Complaint includes an additional cause of action against Defendant Arsenault. (Id.) On September 7, 2017, Defendant Arsenault moved to strike the Fourth Amended Complaint as unauthorized because Plaintiff failed to obtain Court's approval to file it. (ECF No. 33.) Plaintiff did not file a response to the motion, and so the Court ordered Plaintiff to show cause why he did not. (ECF No. 35.) Plaintiff responded (ECF No. 37) to the Order to Show Cause and filed an opposition to the motion to strike (ECF No. 36). Defendant Arsenault filed a reply in support of the motion. (ECF No. 38.)

For the reasons outlined below, the Court recommends that the motion to strike be denied. However, upon screening the Fourth Amended Complaint, the Court recommends that Defendant Davey be dismissed from this action with prejudice, that the case proceed on the First Amendment free exercise claim against all Defendants, the Eighth Amendment claim against Defendant Arsenault, and the Fourteenth Amendment equal protection claim against Defendant Arsenault, provided that the Fourth Amended Complaint not be served on the Doe Defendants until Plaintiff has identified them.

1  Accordingly, the Court will also recommend that Plaintiff be given thirty days to use the
2  resources available to him (including discovery and the California Public Records Act) to
3  identify the Doe Defendants.

**I.     Background**

    **A.     Third Amended Complaint**

        **1.     Allegations**

The Court summarizes Plaintiff's allegations in the TAC as follows:

On November 13, 2015, after a riot in the Facility 3A yard, inmates working in the Facility 3A Level IV kitchen, including Plaintiff, were directed to wait for extra staff to escort them from their job assignment back to their housing area. Approximately fifteen minutes later, three officers arrived with plexi cuffs. They restrained the inmates and led them from the kitchen to the yard. As Plaintiff and the other inmates were walking in front of B-yard, Defendants Arsenault and Berry arrived and told the officers to line the inmates up against a chain link fence. Defendant Arsenault told the officers to cut off the inmates' cuffs and ordered the inmates to undress. Plaintiff immediately asked to be strip searched outside of the presence of female staff, explaining to Defendants Arsenault and Berry that his "religious obligation to Allah" (the Islamic deity) dictated that he not disrobe in front of women. Defendants denied Plaintiff's request and threatened to issue a Rules Violation Report to Plaintiff if he refused to undress. Plaintiff was forced to take off his clothes in the presence of female staff members. Plaintiff states that there was no imminent security threat at the time.

Plaintiff further alleges that Defendants Arsenault and Berry allowed the inmates who worked in the main kitchen to be escorted to the work exchange before they were strip searched. They also made no comment when one inmate who was returning from the same work assignment, Jaime Reynaga, refused to take off his boxers or squat and cough. Plaintiff states that inmates are normally searched in the work exchange, and if inmates in the main kitchen are strip searched in the work exchange, inmates returning from the Level IV kitchen as well as other work assignments should have been afforded

3

the same privilege.

Plaintiff alleges violations of the First Amendment free exercise of religion clause and the Fourteenth Amendment equal protection clause. He seeks compensatory and punitive damages.

### 2. Screening

The Court screened Plaintiff's TAC and found Plaintiff's facts sufficient to state a First Amendment free exercise claim against Defendants Arsenault and Berry. (ECF No. 15 at 4-5.) Specifically, the Court found that Plaintiff had alleged that Defendants Arsenault and Berry knew Plaintiff's religious beliefs dictated that he not disrobe in front of women and yet they threatened him with disciplinary action if he did not strip naked in front of female staff members. (Id.)

The Court also found Plaintiff's facts sufficient to state a Fourteenth Amendment equal protection claim against Defendants Arsenault and Berry. (Id. at 5-6.) Specifically, Plaintiff sufficiently alleged he was similarly situated to main kitchen inmates but was intentionally treated differently without any rational basis for the difference in treatment. (Id. at 6.)

### B. Fourth Amended Complaint

In the Fourth Amended Complaint, Plaintiff makes the same basic factual allegations: That on November 13, 2015, Plaintiff and other inmates were forced to disrobe in the presence of female staff and civilians. (ECF No. 31 at 7-8.) However, in the Fourth Amended Complaint, Plaintiff alleges that the order to disrobe was given by Defendant Arsenault, as well as Sergeant John Doe #1 and Sergeant John Doe #2, all of whom were told of Plaintiff's religious convictions. (Id.) Thus, it appears that Plaintiff has replaced Defendant Berry -- who was never able to be located and served -- with a John Doe and also added a second John Doe. The Fourth Amended Complaint also alleges that new Defendant Warden Davey "maintain[ed] the practice and policy permitting the humiliation." (Id. at 9.)

In the Fourth Amended Complaint, Plaintiff alleges three causes of action: (1) A

First Amendment free exercise claim against all Defendants (id. at 10); (2) An Eighth Amendment claim against Defendant Arsenault (id. at 10); and (3) A Fourteenth Amendment equal protection claim against Defendant Arsenault (id. at 11).

**II.     Good Cause**

First, in consideration of Plaintiff's pro se status and in the interests of justice, the Court finds that Plaintiff has shown good cause for not filing a timely opposition to the motion to strike. The order to show cause is discharged and the Court accepts the late-filed opposition accompanying the response to the motion to show cause. (ECF Nos. 36; 37.)

Defendant Arsenault argues that the Court must strike the Fourth Amended Complaint as unauthorized because Plaintiff did not receive Defendant's consent to amend and Plaintiff did not move the Court for amendment. (ECF No. 33). It appears that the Fourth Amended Complaint was lodged in response to the Court's dismissal of Defendant Berry from this action. Considering Plaintiff's pro se status and the interests of justice, the Court will consider the lodging of the Fourth Amended Complaint (ECF No. 33) and the opposition to the motion to strike (ECF No. 36) as Plaintiff's intent to move for amendment of the TAC. Accordingly, the Court will recommend that the motion to strike be denied and now assess whether Plaintiff should be granted leave to amend pursuant to the standards of Federal Rule of Civil Procedure 15.

**III.    Leave to Amend**

    **A.     Legal Standard to Amend Complaint**

Pursuant to Federal Rule of Civil Procedure 15, leave to amend should be "freely" given when "justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." Eminence Capital, LLC, v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and internal quotation marks omitted). In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

Id. at 182. Additionally, "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052.

Granting or denying a motion to amend is a matter within the district court's discretion. See, e.g., Ventress v. Japan Airlines, 603 F.3d 676, 680 (9th Cir. 2010); Chappel v. Laboratory Corp. of Amer., 232 F.3d 719, 725 (9th Cir. 2000).

**B.    Discussion**

Aside from urging that the Fourth Amended Complaint be stricken as unauthorized, Defendant Arsenault argues that: (1) the pleading presents no new facts but only new theories and does not explain Plaintiff's failure to fully develop his contentions earlier; (2) adding new defendants and claims known to Plaintiff at the time of a prior complaint reflect undue delay; (3) because the previous complaints did not name any Doe Defendants, Defendants had no notice Plaintiff might have sought to add additional parties; and (4) adding a claim not suggested in any previous complaints would be prejudicial to Defendant. (Id.) (ECF No. 38 at 2-3.)

Ultimately, the determination of whether to allow amendment is a matter of discretion. See Ventress, 603 F.3d at 680. There is, however, a presumption in favor of granting amendment with "extreme liberality." Eminence Capital, 316 F.3d at 1051. Here the Court finds that amendment is warranted. As discussed below, while there may be merit in some of Defendant's argument against amendment, the Court does not see measureable prejudice in allowing it, and Defendant's objections are dealt with on screening.

First, amendment is appropriate here because there is sufficient explanation for

Plaintiff's delay in naming at least one of the Doe Defendants. A Defendant Berry was named in the TAC, but dismissed because no such employee could be identified. Thus, it appears Plaintiff incorrectly identified this Defendant. The interests of justice will be served by allowing Plaintiff to proceed, for now, against the responsible party named as Defendant John Doe #1. Whether Defendant John Doe #1 can be identified and served will be assessed after Plaintiff has had the opportunity to seek his true name through discovery.

The Court does not find Plaintiff guilty of undue delay. The dismissal of Defendant Berry occurred just weeks before Plaintiff lodged the Fourth Amended Complaint (see ECF Nos. 29; 31) and it was only at that point that it was clear that Plaintiff misidentified the Defendant.

While Plaintiff does not explain why Sergeant John Doe #2 was not even mentioned in previous incarnations of the complaint, the Court will allow him proceed against this Defendant if he can be identified and served. The Fourth Amended Complaint, as discussed in the screening section below, presents sufficient facts to state a cognizable claim against this Defendant. There will be no added delay or prejudice in allowing Plaintiff to proceed against this Defendant as he does against Doe Defendant #1.

Defendant Arsenault will not be unduly prejudiced by allowing amendment. To date he has filed only an answer to the TAC. If needed, an answer to the Fourth Amended Complaint which is based upon the same factual claims as earlier pleadings should not involve substantial additional activity on the part of Defendant. Defendant Arsenault has been on notice of these factual circumstances throughout the litigation. Furthermore, the Court has already extended the discovery and dispositive motions deadline given the inability to locate and serve Defendant Berry and the lodging of the Fourth Amended Complaint. (ECF No. 40.)

For the foregoing reasons, the Court recommends that Defendant Arsenault's motion to strike be denied and that Plaintiff be granted leave to amend. The Court will

now screen the Fourth Amended Complaint.

**V.     Screening the Fourth Amended Complaint**

    **A.     Legal Standard**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

    **B.     Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners

proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### B. Defendant Davey

Plaintiff names Defendant Davey in the Fourth Amended Complaint, but alleges only that, as warden, he "maintain[ed] the practice and policy permitting the humiliation." (ECF No. 31 at 9.) Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013).

Plaintiff's allegations against Defendant Davey are speculative and conclusory and do not state a cognizable claim for relief. Plaintiff does not allege that Defendant Davey participated in or directed the strip search that is the basis of Plaintiff's claim here, or that Defendant Davey knew of the violations and failed to prevent them. Plaintiff in effect alleges only that Davey should have known of and prevented them. There is no allegation that the strip search of inmates with religious objections to it was part of a pattern or practice or that Defendant Davey had knowledge of it.

These allegations are insufficient to state a claim against a supervisor and should, accordingly, be dismissed. The Court also finds that further amendment of the claims against Defendant Davey would be futile and so the claims should be dismissed with prejudice.

### C. Eighth Amendment Claim

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity

9

and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302–303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

In some instances, infliction of emotional pain may constitute cruel and unusual punishment prohibited by the Eighth Amendment. See Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir. 1993) (holding that contact searches of female prisoners by male guards violated Eighth Amendment.) Prison officials are not liable for inflicting pain on a prisoner through body-search techniques unless the officials act with deliberate indifference to a serious risk of harm to the prisoners. Id. at 1528.

Taking the Eighth Amendment legal standards and the analysis in Jordan together, the Court finds that to support a cognizable Eighth Amendment claim based on a cross-gender strip search, a plaintiff must allege a risk of harm beyond the general embarrassment caused by the search. In Jordan, the only decision in this circuit that has recognized a cognizable Eighth Amendment claim based on a cross-gender search, the Ninth Circuit noted that:

> i]n most of our other search cases, the court has not been presented with evidence pointing to more than momentary discomfort caused by the search procedures. For example, in Grummett v. Rushen, 779 F.2d 491 (9th Cir.1985), this court considered the constitutionality of pat searches performed by female guards on male prisoners. We concluded that the inmates had not shown sufficient evidence of pain to make out a cognizable Eighth Amendment claim. Nothing in Grummett indicates that the men had particular vulnerabilities that would cause the cross-gendered clothed body searches to exacerbate symptoms of pre-existing mental conditions. Indeed, in contrast to this case, nothing in Grummett indicates that the male prisoners had experienced or would be likely to experience any psychological trauma as a result of the searches.

Jordan, 986 F.2d at 1526 (citing Grummett v. Rushen, 779 F.2d 491, 493 n. 1 (9th Cir. 1985) (internal citations omitted)). In Jordan, the Court found that the objective prong had been met because the plaintiffs suffered pain beyond "momentary discomfort." The record suggested "that women experience unwanted intimate touching by men differently from men subject to comparable touching by women" due to "differences in gender socialization" and "differences in the experiences of men and women with regard to sexuality." Id.

Here, Plaintiff alleges that because of his religious beliefs, disrobing in the presence of female personnel caused him to suffer more than "momentary discomfort." Despite knowing Plaintiff's religious beliefs dictated that he not disrobe in front of women, Defendant Arsenault forced Plaintiff to violate his religious beliefs and threatened him with disciplinary action if he did not strip naked in front of female staff members. See Farmer, 511 U.S. at 837 (prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety.") Despite knowing this, Defendant Arsenault ordered the strip search to occur for non-penological reasons and for the purpose of humiliating Plaintiff.

Accordingly, the Court finds a cognizable Eighth Amendment claim against Defendant Arsenault.

11

### D. First and Fourteenth Amendment Claims

As with the previous screening of the TAC, the Court finds Plaintiff states sufficient facts to state First Amendment free exercise claims against Defendants Arsenault, Sergeant John Doe #1, and Sergeant John Doe #2, as well as a Fourteenth Amendment equal protection claims against Defendant Arsenault.

First, Plaintiff states a cognizable First Amendment free exercise claim. Plaintiff's religious beliefs dictate that he not disrobe in front of women. Despite knowing this, Defendants Arsenault, Sergeant John Doe #1, and Sergeant John Doe #2 forced him to violate these beliefs and threatened him with disciplinary action if he did not strip naked in front of female staff members. (See ECF No. 15.)

Second, Plaintiff's facts are sufficient to state a Fourteenth Amendment equal protection claim. Specifically, Plaintiff sufficiently alleges that he was similarly situated to main kitchen inmates, was intentionally treated differently, and there was no rational basis for this difference in treatment. (See id.)

Accordingly, the Court finds cognizable claims under the First Amendment against Defendants Arsenault, Sergeant John Doe #1, and Sergeant John Doe #2, and under the Fourteenth Amendment against Defendant Arsenault.

### VI. Conclusion

For the reasons stated above, IT IS HEREBY ORDERED that the Order to Show Cause (ECF No. 35) be discharged and that the Clerk of Court correct the spelling of Defendant Arsenault's name on the docket record of this case.

Furthermore, IT IS HEREBY RECOMMENDED that:

(1) Defendant Arsenault's motion to strike (ECF No. 33) be DENIED;

(2) Plaintiff be granted leave to amend the complaint;

(3) The lodged Fourth Amended Complaint (ECF No. 31) be deemed the operative complaint;

(4) Plaintiff's First Amendment free exercise claim against Defendant Davey be dismissed with prejudice; and

(5) The action proceed on the following cognizable claims:

      (a) First Amendment free exercise against all Defendants;

      (b) Eighth Amendment cruel and unusual punishment against Defendant Arsenault; and

      (c) Fourteenth Amendment equal protection against Defendant Arsenault.

Furthermore, should the District Judge adopt these recommendations, IT IS HEREBY RECOMMENDED that Plaintiff be granted thirty days to identify the Doe Defendants and to submit the completed Notice of Submission of Documents to the Court with the one completed summons for each Defendant, one completed USM-285 form for each Defendant, and four copies of the endorsed Fourth Amended Complaint. Service cannot be authorized until the Doe Defendants are identified. Additionally, Defendant Arsenault will not be required to submit a response to the Fourth Amended Complaint until the issues surrounding identification of the Doe Defendants have been resolved.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   January 19, 2018        /s/ *Michael J. Seng*
                                                           UNITED STATES MAGISTRATE JUDGE

14