UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TONY EUGENE SCALLY,

          Plaintiff,

    v.

N. ARSENAULT,

          Defendant.

Case No. 1:16-cv-01237-LJO-MJS

**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION TO STRIKE FOURTH AMENDED COMPLAINT; TO DISMISS DEFENDANT DAVEY; AND TO GRANT PLAINTIFF THIRTY DAYS TO IDENTIFY DOE DEFENDANTS**

**(ECF No. 42)**

      Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On February 13, 2017, Plaintiff submitted his Third Amended Complaint ("TAC"). (ECF No. 14.) On March 22, 2017, the Court screened the TAC, found that it stated cognizable claims against Defendants Arsenault[1] and Berry, and authorized service on Defendants. (ECF No. 15.) On June 15, 2017, Defendant Arsenault filed an answer to the TAC. (ECF No. 23.) On June 26, 2017, the Court issued a discovery and scheduling order. (ECF No. 25.)

---

[1] In the first through third versions of the complaint -- and in the Court's subsequent Orders in this case -- Defendant is incorrectly named as "Arsuant" rather than Arsenault. In response to the Order to Show Cause, Plaintiff notes that he initially identified Defendant Arsenault incorrectly and wishes for the record, including the docket, to reflect the correct spelling going forward. (ECF No. 36 at 3.) In all of his own filings in this case, Defendant spells his last name as Arsenault as well. (See ECF Nos. 33; 38; 39.) In light of this, the Court will hereafter refer to Defendant as Arsenault and direct the Clerk to correct the spelling in the docket for this case.

On August 2, 2017, the Court dismissed Defendant Berry from this action without prejudice after several unsuccessful attempts to serve him. (ECF No. 29.) According to the United States Marshal who contacted the litigation coordinator and personnel office at Corcoran State Prison, the prison never employed a Sergeant Berry and thus would not accept service. (ECF No. 20.)

On August 28, 2017, Plaintiff submitted a Fourth Amended Complaint, which he incorrectly titled "First Amended Civil Right Violation." (ECF No. 31.) In the Fourth Amended Complaint, Plaintiff excludes Sergeant Berry, but adds an additional three Defendants to the action -- Warden Dave Davey, Sergeant John Doe #1, and Sergeant John Doe #2. (Id.) It appears that Sergeant John Doe #1 and Sergeant John Doe #2 are in the place of Defendant Sergeant Berry from the TAC.

Furthermore, Plaintiff's Fourth Amended Complaint includes an additional cause of action against Defendant Arsenault. (Id.) On September 7, 2017, Defendant Arsenault moved to strike the Fourth Amended Complaint as unauthorized because Plaintiff failed to obtain Court's approval to file it. (ECF No. 33.) Plaintiff did not file a response to the motion, and so the Court ordered Plaintiff to show cause why he did not. (ECF No. 35.) Plaintiff responded (ECF No. 37) to the Order to Show Cause and filed an opposition to the motion to strike (ECF No. 36). Defendant Arsenault filed a reply in support of the motion. (ECF No. 38.)

On January 22, 2018, the Magistrate Judge issued findings and recommendations that recommended that the motion to strike be denied, but that Defendant Davey be dismissed from this action with prejudice, that the case proceed on the First Amendment free exercise claim against all Defendants, the Eighth Amendment claim against Defendant Arsenault, and the Fourteenth Amendment equal protection claim against Defendant Arsenault, provided that the Fourth Amended Complaint not be served on the Doe Defendants until Plaintiff has identified them. (ECF No. 42.) The parties were given fourteen days to file objections. No parties filed objections and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a de novo review of Plaintiff's case. The Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, it is HEREBY ORDERED that:

(1)     The findings and recommendations filed on January 22, 2018 (ECF No. 42) are adopted in full;

(2)     Defendant Arsenault's motion to strike (ECF No. 33) is DENIED;

(3)     Plaintiff is granted leave to amend the complaint;

(4)     The lodged Fourth Amended Complaint (ECF No. 31) is deemed the operative complaint;

(5)     Plaintiff's First Amendment free exercise claim against Defendant Davey is dismissed with prejudice;

(6)     The action proceeds on the following cognizable claims:

(a)     First Amendment free exercise against all Defendants;

(b)     Eighth Amendment cruel and unusual punishment against Defendant Arsenault; and

(c)     Fourteenth Amendment equal protection against Defendant Arsenault;

(7)     The Clerk of the Court should send (3) three USM-285 forms, three (3) summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of the Fourth Amended Complaint, filed August 28, 2017 (ECF No. 31);

(8)     Plaintiff is granted thirty days to identify the Doe Defendants and to submit the completed Notice of Submission of Documents to the Court with the one completed summons for each Defendant, one completed USM-285 form for each Defendant, and four copies of the endorsed Fourth Amended Complaint;

(9)     Service cannot be authorized until the Doe Defendants are identified; and

(10) Defendant Arsenault is not required to submit a response to the Fourth Amended Complaint until the issues surrounding identification of the Doe Defendants have been resolved.

IT IS SO ORDERED.

Dated:  __**March 22, 2018**__          _____**/s/ Lawrence J. O'Neill**_____
                                        UNITED STATES CHIEF DISTRICT JUDGE